## Case No. 10,476.

### OKELY v. BOYD.

[2 Cranch, C. C. 176.] 1

Circuit Court, District of Columbia. June Term, 1819.

EXECUTION WITHOUT JUDGMENT — BANK CHARTER —WHAT MUST BE SHOWN.

An execution issued by order of the president of the Bank of Columbia, without any previous judgment, under the 14th section of the Maryland act of 1793 (chapter 30) entitled "An act to establish a bank in the District of Columbia," must show upon its face all the facts necessary to justify the clerk in issuing it.

This was an action of replevin against the marshal of the District of Columbia, to replevy the plaintiff's goods taken in execution upon two writs of fieri facias issued by the clerk of this court on the 19th of June, 1816 (Nos. 7 and 8 on the judicial docket of December term, 1816), one for $1,000, and the other for $900, upon the order of the president of the Bank of Columbia, in virtue of the authority vested in him by the 14th section of Act Md. 1793, c. 30, entitled "An act to establish a bank in the District of Columbia." by which it was enacted, "that whenever any person or persons are indebted to the said bank for moneys borrowed by them, or for bonds, bills or notes given or indorsed by them, with an express consent in writing that they may be made negotiable at the said bank, and shall refuse or neglect to make payment at the time the same become due, the president shall cause a demand in writing on

1 [Reported by Hon. William Cranch, Chief Judge.]

the person of the said delinquent or delinquents. having consented as aforesaid, or, if not to be found, have the same left at his last place of abode; and if the money so due shall not be paid within ten days after such demand made, or notice left at his last place of abode as aforesaid, it shall and may be lawful for the president, at his election, to write to the clerk of the general court, or the court of the county in which the said delinquent or delinquents may reside, or did, at the time he or they contracted the debt, reside, and send to the said clerk the bond, bill or note due, with proof of the demand made as aforesaid, and order the said clerk to issue a capias ad satisfaciendum fieri facias, or attachment by way of execution, on which the debt and costs may be levied by selling the property of the defendant for the sum or sums of money mentioned in the said bond, bill, or note; and the clerk of the general court, and the clerks of the several county courts are hereby respectively required to issue such execution or executions, which shall be made returnable to the court, whose clerk shall issue the same, which shall first sit after the issuing thereof, and shall be as valid and as effectual in law to all intents and purposes, as if the same had issued on judgment regularly obtained in the ordinary course of proceeding in the said court; and such execution or executions, shall not be liable to be stayed or delayed by any supersedeas, writ of error, appeal or injunction from the chancellor; provided always, that before any execution shall issue as aforesaid, the president of the bank shall make an oath," "ascertaining whether the whole or what part of the debt due to the bank on the said bond, bill or note, is due; which oath or affirmation shall be filed in the office of the clerk of the court from which the execution shall issue; and if the defendant shall dispute the whole or any part of the said debt, on the return of the execution, the court before whom it is returned shall and may order an issue to be joined and trial to be had at the same court at which the return is made, and shall make such other proceedings that justice may be done in the speediest manner." The execution (No. 7) recited that whereas, in virtue of Act Md. 1793, c. 30, entitled "An act to establish a bank in the District of Columbia," John Mason, Esquire, president of the said Bank of Columbia, hath this day (19th of June, 1816), filed in the circuit court of the district aforesaid, for the county of Washington, a certain note, commonly called a promissory note, drawn by a certain John Okely, and dated at Georgetown, on the 16th day of February, 1816, and thereby, sixty days after the date thereof, the said John Okely promised to pay to a certain Hyatt and Wilson, by the name of Hyatt & Wilson, or order, one thousand dollars, value received; and by the said Hyatt & Wilson indorsed payable to the president, directors and company of the

Bank of Columbia for value received; upon which said note, so indorsed, the said president of the said bank hath ordered and directed the clerk of the said circuit court to issue the writ of the United States of fieri facias against the said John Okely in the name of the said president, directors and company of the Bank of Columbia, for the sum of one thousand dollars current money, and also the costs of the said fieri facias. And as it appears by the proofs annexed to, and exhibited with the said note, that the requisites of the said act of assembly have been fully complied with; therefore you are hereby commanded that of the goods and chattels, &c., you cause to be made, &c., returnable on the 4th Monday in December, 1816." On the 9th of October, 1816, at an adjourned session of June term, a rule was obtained by Okely against the bank to show cause on the next Monday why these executions should not be quashed, as being illegal, null, and void. The rule was served but no order thereupon at that session.

On the 19th of November, 1816, Okely replevied the goods; and at June term, 1819 (No. 36, Trials), the cause came on for trial: a jury was sworn, but a juror was withdrawn, by consent, and the motion to quash the executions seems to have been revived, and was argued by

Mr. Jones, for plaintiff Okely.
Mr. Key, for the bank.

For the plaintiff, in replevin, it was said, that the act, being in derogation of common right, must be construed strictly. If the execution were upon a judgment, that judgment must be truly recited and certain. All the facts should appear upon the face of the execution which are necessary to show the right of the bank to have the execution, and the authority of the clerk to issue it. It is not sufficient for the clerk to state that it appears to him that the requisites of the act have been fully complied with. He only states that it appears by the proofs annexed to and exhibited with the note; and although he states that the note was filed in the court, and the proofs being annexed to it may be presumed to be also filed, yet the act does not require the note or proofs to be filed, and the filing them does not make them matter of record so that the court can judicially take notice of them, or the clerk officially refer to them. They might as well be referred to as being in the vaults of the bank.

But if the court could judicially take notice of the note and the proofs, there are several objections to the writ. (1) It contains no averment, nor is there any proof, that the note was not paid "at the time the same became due;" nor is there an averment that the president of the bank caused "a demand in writing on the person of the delinquent;" nor that he was not to be found; nor that the president wrote to the clerk, or sent his

order in writing. (2) There is no averment in the execution, that there was an express consent in writing that the note should be made negotiable at the Bank of Columbia, nor is the note described as "negotiable at the Bank of Columbia," although the note referred to by the clerk has those words in it. The execution (No. 8) for $900 describes the note upon which it was issued, as a note made by Okely, dated at Georgetown on the 7th of March, 1816, by which, sixty days after the date thereof, he promised to pay A. J. Hyatt, or order, $900, value received, "negotiable at the Bank of Columbia." In other respects it was liable to all the objections to which the other execution was liable.

For the bank, it was contended, that the court was not bound by the recital in the execution, but may and ought to look behind it, and see whether the documents furnished by the bank authorized the clerk to issue the execution, whatever its recitals, whatever its omissions might be. It was not necessary that it should recite or state any facts but the order and oath of the president of the bank. The execution, in its recitals, conforms exactly to the precedent in 2 Har. Ent. 637, which refers in the same manner to the note and proofs. It was not necessary that any thing should be filed, but the oath of the president; but the other documents, if required to be sent to the clerk, must be filed by him, and become part of the record upon which the execution issues, and may be examined by the court. The oath of the president, is evidence that the note was not paid when the same became due, and that $1000 were due with interest, and the defendant must have refused or neglected to pay it when due, or it could not have been due with interest. The oath of the president is all that is necessary to justify the execution. If there be any defence, the defendant may avail himself of it on the return of the execution. The clerk could only aver that it appears by the papers filed, that the requisites have been complied with. The defendant, by making the note "negotiable at the Bank of Columbia," has consented to the process.

THE COURT quashed the execution for $1000 (No. 7) nem. con., and the execution for $900 (No. 8). MORSELL, Circuit Judge, dissenting.

NOTE. In the case of Bank of Columbia v. Okely, 4 Wheat. [17 U. S.] 235, the supreme court decided that the 14th section of the charter of that bank was not unconstitutional, and that the clerk of this court was competent to issue the execution upon the order of the president. That section of the charter, however, was repealed by the 8th section of the act of congress of the 2d of March, 1821 (3 Stat. 618), entitled "An act to extend the charters of certain banks in the District of Columbia."